GEORGE W. CRILE, APPELLANT, v. MARY FRIES ET AL., APPELLEES.

FILED MAY 20, 1910. No. 16,036.

1. **Tax Certificate: FORECLOSURE: PAYMENT.** F., the owner of real estate, gave her niece the money with which to pay the taxes due and delinquent thereon. The niece, instead of paying the taxes, procured the treasurer to issue to her a tax sale certificate therefor, which she afterwards assigned to C., her father, a brother of F. In an action to foreclose the tax lien, *held* the transaction was a payment of the taxes by F., and foreclosure should be denied.

2. **Mortgages: FORECLOSURE: PAYMENT.** F., who executed a mortgage on her homestead for $500, being unable to pay it when it became due, ascertained that the owner thereof would cancel and satisfy

the mortgage for $150. She thereupon sold and transferred to her brother, C., enough live stock to enable him to raise the money and procure for her a satisfaction of the mortgage. C. kept the stock and borrowed the money with which to pay off the mortgage. Instead of having it satisfied, he took an assignment of it to himself. In an action by C. to foreclose the mortgage, *held* that the transaction amounted to a payment of the mortgage debt by F., and foreclosure was therefore denied.

3. **Evidence** examined, and found to be amply sufficient to sustain the judgment of the district court.

APPEAL from the district court for Dawes county: WILLIAM H. WESTOVER, JUDGE. *Affirmed.*

*J. E. Porter,* for appellant.

*A. M. Morrissey* and *Allen G. Fisher, contra.*

BARNES, J.

Action in equity in the district court for Dawes county to foreclose a mortgage and a tax lien on certain land situated in that county. The defense was payment by the owner of the premises. The defendant had judgment, and the plaintiff has appealed.

Plaintiff's principal contention is that the evidence does not sustain the judgment, and the only question for our determination is one of fact.

It appears from the bill of exceptions that the defendant is the owner of the land in controversy; that she procured title thereto from the government of the United States as a homesteader; that the plaintiff is her brother, and, in order to better his condition in life, in 1893 he moved from the state of Illinois to Dawes county, Nebraska, and took up his residence with the defendant; that he lived on the land in controversy for three years, at the end of which time the defendant requested him to sell some wheat and pay the interest on a $500 loan which she had theretofore procured upon the land, together with the delinquent taxes thereon; this he declined to do, and took up his residence upon another tract

of land of which he now seems to be the owner; that defendant then rented the premises in question to one Buckley, who remained thereon less than one year, and upon his removal she rented the land to one Harvey, who, in about a year thereafter also removed from the premises; that thereupon the plaintiff took possession of the land, together with the defendant's live stock, consisting of horses and cattle, and thereafter there was an agreement entered into by which he was to care for them and have one-half of the increase thereof; this arrangement was made some time in the year 1898; that since then the defendant has resided a greater part of the time in Johnson county, in this state, occasionally visiting the land in question; in 1890 the defendant went with the plaintiff's daughter to the county treasurer's office at Chadron for the purpose of paying the taxes due and delinquent upon her farm; that while in Chadron she became suddenly and violently ill, and her niece, at her request, took her money, went to the treasurer's office and paid the taxes in question; that instead of taking the ordinary tax receipt she obtained a treasurer's certificate of purchase therefor; that later on, and before the commencement of this suit, she assigned the same to the plaintiff. We further find that when the mortgage above mentioned became due the defendant was unable to pay the same; that certain negotiations were had with the owner of the mortgage by which it was agreed that he would accept $150 in payment and satisfaction thereof; that thereupon the defendant sold to the plaintiff enough of her horses and cattle to enable him to raise the money with which to pay the $150, and thus satisfy the mortgage; that the plaintiff did procure the money, paid the same to the owner of the mortgage, but instead of having the mortgage canceled he took an assignment of it to himself; that he remained in possession of the defendant's homestead, took the rents and profits thereof, and paid the taxes thereon from year to year, which amounted to something less than $5 per annum; that no settlement has ever been had

between plaintiff and defendant; that they have never divided the live stock, but they have each sold some of the increase of the stock and used the proceeds thereof.

The district court found that, when the plaintiff's daughter obtained the tax sale certificate with the defendant's money, the transaction amounted to a payment of the taxes; that by the sale of the live stock above mentioned the defendant had reimbursed the plaintiff for the money expended by him in procuring the assignment of the mortgage, and that, when plaintiff paid the money and procured such assignment, the payment was made for the purpose of canceling the mortgage debt. Upon these findings the district court rendered judgment for the defendant. We are satisfied, after a careful examination of the record, that his judgment is amply sustained by the evidence.

The district court declined to enter into an accounting as between the plaintiff and defendant in relation to the other matters in controversy between them. It is our view of the matter that all of their differences might have been settled in this action, but as the petition contains no prayer for an accounting and the defendant seems to be satisfied with the judgment of the district court, we are of opinion that the judgment of the trial court was right, and it is hereby

AFFIRMED.